IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL I. BROWN-SEALS, A-44915, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERIFF TOM ALLMAN, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 14-5152 CRB (PR) <br><br> ORDER OF SERVICE |

    Plaintiff, an African-American prisoner at the Mendocino County Jail (MCJ), filed a <u>pro se</u> complaint for damages in Mendocino County Superior Court alleging that MCJ officials have taken no steps to stop other inmates at MCJ from repeatedly using racial slurs to refer to him.  In that complaint, plaintiff claimed that this failure to act amounted to a violation of his federal civil rights and specifically named as defendants Mendocino County Sheriff Tom Allman, various other officials at MCJ, various members of the Mendocino County Board of Supervisor (BOS), and the clerk of BOS.

    Defendants removed the action to this court pursuant to 28 U.S.C. § 1441 on the ground that this court has original jurisdiction over plaintiff's federal civil rights claims under 42 U.S.C. § 1983.  Per order filed on April 1, 2015, the court dismissed the complaint with leave to amend "to allege, if possible, facts showing

that other inmates' use of racial slurs was coupled with conduct infringing on plaintiff's right to personal safety so that it could be said that MCJ officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it." Dkt. #23 at 4.  The court also advised plaintiff that he "also must allege specific facts showing how each individual defendant actually and proximately caused the deprivation of plaintiff's federal civil rights of which he complains."  Id. (citation omitted).

Plaintiff promptly filed a First Amended Complaint (FAC) claiming that: (1) MCJ officials violated his federal civil rights by not taking steps to stop other inmates from repeatedly using racial slurs to refer to him; (2) MCJ officials violated his federal civil rights by destroying some of the inmate grievances he filed; (3) BOS and Sheriff Allman are liable for failing to implement a policy to stop and prevent racial discrimination; (4) MCJ officials retaliated against him for exercising his First Amendment right to file inmate grievances and a court action; and (5) MCJ officials denied him legal supplies and photocopy services in violation of his right of access to the courts.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993).[1] In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendent only when two requirements are met: (1) the deprivation alleged must be, objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. Farmer, 511 U.S. at 834. In prison-condition cases, the necessary state of mind is one of deliberate indifference – a prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that

---

[1]Although a pretrial detainee's claims are subject to scrutiny under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

3

risk by failing to take reasonable steps to abate it. Id. at 837. Negligence is not enough to establish liability under the Eighth Amendment. Id. at 835–36 & n.4. An "official's failure to alleviate a significant risk that he should have perceived but did not, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

The failure of prison officials to protect inmates from attacks by other inmates may violate the Eighth Amendment. See id. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). But the failure of prison officials to protect inmates from verbal harassment and abuse is different because it is well established that allegations of verbal harassment and abuse fail to state a claim under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983). This is so even if the verbal harassment is racially motivated. See Hoptowit, 682 F.2d at 1252 (federal court cannot order guards to refrain from using racial slurs to harass prisoners); Burton v. Livingston, 791 F.2d 97, 101 n.1 (8th Cir. 1986) (use of racial slurs in prison does not offend the Constitution). But verbal harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel and unusual punishment may present a cognizable claim under § 1983. Id. at 101 n.1 (racially derogatory language coupled with conduct infringing on prisoner's right to security of his person may present a cognizable claim).

Although regrettable, plaintiff's allegations that MCJ officials ignored other inmates' use of racial slurs against him, and that some of the officials even laughed at the use of racial slurs, are not enough to state a cognizable claim under § 1983. See Hoptowit, 682 F.2d at 1252; Burton, 791 F.2d at 101 n.1. Plaintiff was

afforded an opportunity to amend to possibly state a cognizable claim of deliberate indifference to his safety, but the facts set forth in the FAC, even under liberal constructions, do not show that the racial slurs were coupled with conduct that infringed on plaintiff's right to personal safety so that it could be said that MCJ officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Plaintiff's racial slurs allegations accordingly are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

Plaintiff alleges that on several occasions MCJ officials destroyed his inmate grievances and/or the supporting evidence he attached to the grievances. Plaintiff's allegations are dismissed for failure to state a claim under § 1983 because it is well established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that the creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's claim that BOS and Sheriff Allman are liable under § 1983 for failing to implement a policy to stop and prevent racial discrimination also must be dismissed under the authority of § 1915A(b). In its April 1, 2015 order of dismissal with leave to amend, the court explained that in order to impose local government liability under § 1983, a plaintiff must show that: (1) the plaintiff possessed a constitutional right of which he was deprived; (2) that the local government had a policy, practice or custom; (3) that this policy, practice or custom amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy, practice or custom was the moving force behind the constitutional violation. Dkt. #23 at 4 n.2 (citing Plumeau v. School Dist. #40

County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). Plaintiff cannot satisfy the first requirement because his racial slurs allegations are not enough to state a claim under § 1983 for violation of a constitutional right.

Plaintiff alleges that correctional deputies Cynthia De Los Santos, Wagner and J. Uribe retaliated against him for exercising his First Amendment right to file inmate grievances and a court action. Specifically, plaintiff alleges that: (1) on September 17, 2014, Correctional Deputy Cynthia De Los Santos filed a false report against plaintiff in retaliation for plaintiff filing an inmate grievance that involved De Los Santos' two inmate brothers; (2) on October 3, 2014, De Los Santos filed another false report against plaintiff in retaliation for plaintiff filing a grievance against De Los Santos on September 26, 2014; (3) on December 13, 2014, Correctional Deputy Wagner encouraged an inmate to approach plaintiff "in a homosexual manner" in retaliation for plaintiff filing inmate grievances and a court action; and (4) on December 17, 2014, Correctional Deputy J. Uribe intentionally wrote-up plaintiff for an unfounded minor infraction of possessing Ajax cleaning supplies in retaliation for plaintiff filing inmate grievances and a court action.

It is well established that prisoners may not be retaliated against for filing prison grievances and appeals, or for filing court actions. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Liberally construed, plaintiff's allegations appear to state arguably cognizable retaliation claims under § 1983 against previously unnamed defendants correctional deputies Cynthia De Los Santos, Wagner, and J. Uribe, and will be served on them. See, e.g., Watison v. Carter, 668 F.3d 1108, 1114-18 (9th Cir. 2012) (cognizable claim under § 1983 where in retaliation for filing grievances, inmate was issued false disciplinary charge by officer, denied parole in part due to false statements made by another officer, threatened to be punched by third officer, and deprived of food by fourth officer; however, no retaliation stemming from bare

6

allegation of fifth officer's harassing behavior).

Plaintiff alleges that MCJ Inmate Services staff member Vicki Phillips denied him legal supplies and photocopy services for his pending lawsuits outside of Mendocino County in violation of his right of access to the courts. But plaintiff's denial of access to the courts claim against Phillips may not be brought in the same federal court action as plaintiff's retaliation claims against correctional deputies Cynthia De Los Santos, Wagner, and J. Uribe. Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds <u>and</u> have common issues of law or fact. <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350-51 (9th Cir. 1997). Plaintiff's denial of access to the courts claim against Phillips accordingly is dismissed without prejudice to bringing in a separate court action. The instant action will proceed as to plaintiff's retaliation claims against De Los Santos, Wagner, and Uribe only.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC (dkt. #24), all attachments thereto, and copies of this order and all prior orders on MCJ correctional deputies Cynthia De Los Santos, J. Uribe, and Wagner. All other defendants are dismissed. The clerk also shall serve a copy of this order on all parties.

2. In order to expedite the resolution of this case, the court orders as

7

follows:

    a.    No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b.    Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal

knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

       d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

       e.      The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: July 20, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Brown-Seals, M.14-5152.service.final.wpd