IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL I. BROWN-SEALS, A44915, <br><br>Plaintiff(s), <br><br>vs. <br><br>C. DE LOS SANTOS, et al., <br><br>Defendant(s). | No. C 14-5152 CRB (PR) <br><br>ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REFERRING MATTER TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE <br><br>(Dkt. #37) |

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), filed a First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging various violations of his federal civil rights while he was detained at the Mendocino County Jail (MCJ). Per order filed on July 21, 2015, the court screened the FAC pursuant to 28 U.S.C. § 1915A and found that, liberally construed, plaintiff's allegations that MCJ correctional deputies C. De Los Santos, Wagner and J. Uribe retaliated against him for exercising his First Amendment right to file inmate grievances and/or a court action, stated cognizable § 1983 claims for damages for unlawful retaliation against these three defendants and directed the United States Marshal to serve them. The court dismissed for failure to state a claim upon which relief could be granted plaintiff's other allegations and corresponding defendants under the authority of § 1915A(b).

Defendants – now properly identified as Christine De Los Santos, Ann Wagner and Jose Uribe – move for summary judgment on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law. Plaintiff has filed an opposition and defendants have filed a reply.

# DISCUSSION

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to specific parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). A triable dispute of fact exists only if there is sufficient evidence favoring the nonmoving party to allow a jury to return a verdict for that party. Anderson, 477 U.S. at 249. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."

1   Celotex, 477 U.S. at 323.

2   B.   Claims & Analysis

3   　　　Plaintiff claims that correctional deputies De Los Santos, Wagner and Uribe retaliated against him for exercising his First Amendment right to file inmate grievances and/or a court action.  Plaintiff specifically alleges that: (1) on September 17, 2014, De Los Santos filed a false report against plaintiff in retaliation for plaintiff filing an inmate grievance that involved De Los Santos' two inmate brothers; (2) on October 3, 2014, De Los Santos filed another false report against plaintiff in retaliation for plaintiff filing an inmate grievance against De Los Santos; (3) on December 13, 2014, Wagner encouraged an inmate to "approach" plaintiff "in a homosexual manner" in retaliation for plaintiff filing inmate grievances and a court action; and (4) on December 17, 2014, Uribe wrote up plaintiff for an unfounded minor infraction of possessing Ajax cleaning supplies in retaliation for plaintiff filing inmate grievances and a court action.

　　　To prevail on a First Amendment retaliation claim, a prisoner must show: (1) that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

　　　The prisoner must prove all the elements of a retaliation claim, including the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  But the prisoner need not prove a total chilling of his First Amendment rights; that his First Amendment rights were chilled, though not necessarily silenced, is enough.  Rhodes, 408 F.3d at 569.

Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). In particular, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Id. (quoting Sandin, 515 U.S. at 482).

1.      First Claim Against De Los Santos

Plaintiff claims that on September 17, 2014 De Los Santos filed a false rules violation report against him in retaliation for plaintiff filing an inmate grievance involving De Los Santos' inmate brothers. But defendants argue that De Los Santos is entitled to summary judgment on this claim because the evidence in the record makes clear that the September 17, 2014 report was filed in response to plaintiff's misconduct and violation of rules, and not as retaliation.

The evidence in the record shows that on September 17, 2014, De Los Santos caught plaintiff looking out his cell at her and masturbating. De Los Santos Decl. (dkt. #39) at 1. De Los Santos proceeded to write up plaintiff for a Level III Rule violation, Rule 16, Engaging in Sexual Acts. Id. at 2 & Ex. B. But the rule violation was withdrawn based on a "time violation" procedural error – it was not acted on within 72 hours. Pearce Decl. (dkt. #41) Ex. A at 4.

Plaintiff contends that De Los Santos' filing of the September 17, 2014 report did not advance a legitimate correctional goal because the disciplinary hearing board did not actually find that he committed the prohibited conduct. This is not enough to raise a triable issue on whether the filing of the report advanced a legitimate correctional goal, as plaintiff must do to survive summary

4

judgment. See Pratt, 65 F.3d at 806. The disciplinary hearing board did not make a finding either way as to whether plaintiff had committed the prohibited conduct and instead dismissed the rule violation solely on the basis of a procedural error. The board's dismissal of the rule violation based solely on a procedural error does not refute the evidence in the record that plaintiff engaged in the prohibited conduct – masturbating in plain view of staff – on September 17, 2014 and on more than one occasion after September 17, 2014 for which he was found guilty and disciplined. See Pearce Decl. at 2 & Exs. B, C & D. Plaintiff's conclusory allegations to the contrary are not enough to defeat summary judgment. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Based on the evidence in the record, no reasonable jury could find that the filing of the September 17, 2014 rule violation report did not reasonably advance a legitimate correctional goal. See Anderson, 477 U.S. at 249.

      Nor can a reasonable jury find that retaliation for filing a grievance involving De Los Santos' inmate brothers was "the 'substantial' or 'motivating' factor" for De Los Santos filing the September 17, 2014 rules violation report. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). There is no evidence in the record that plaintiff filed a grievance involving De Los Santos' inmate brother(s) prior to September 17, 2014. See Pearce Decl. at 3. Plaintiff's mere speculation that De Los Santos acted out of retaliation for plaintiff filing a grievance on August 15, 2014 against correctional deputy C. Bernardi for allowing inmates to use racial slurs that did not name or mention De Los Santos (or her brother(s)), see Opp'n (dkt. #51) Ex. A, is not enough to defeat summary judgment. See Wood v. Yordy, 753 F.3d 899, 904-05 (9th Cir. 2014) (mere speculation that defendant acted out of retaliation is not sufficient to defeat summary judgment).

1    De Los Santos is entitled to summary judgment on plaintiff's claim that on
2    September 17, 2014 De Los Santos filed a false report against plaintiff in
3    retaliation for plaintiff filing an inmate grievance involving De Los Santos'
4    inmate brothers.  See Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 323.

    2.    Second Claim Against De Los Santos

    Plaintiff claims that on October 3, 2014 De Los Santos filed another false rules violation report against plaintiff for filing a grievance against De Los Santos.  But again defendants argue that De Los Santos is entitled to summary judgment on this claim because the evidence in the record makes clear that the October 3, 2014 report was filed in response to plaintiff's misconduct and violation of rules, and not as retaliation.

    The evidence in the record shows that on October 3, 2014, De Los Santos heard plaintiff say "F**k you De Los Santos" and, when she looked towards plaintiff's cell, saw plaintiff flip her off.  De Los Santos Decl. at 2.  De Los Santos proceeded to write up plaintiff for a Level II Rule violation, Rule 5, Showing Insolence Towards Corrections Division Personnel.  Id. at 2 & Ex. C.  But the disciplinary hearing board found that plaintiff "did not commit a prohibited act(s)" and rejected the rule violation as "unfounded."  Pearce Decl. Ex. D at 5.

    Plaintiff contends that De Los Santos' filing of the October 3, 2014 report did not advance a legitimate correctional goal because the board found that plaintiff did not commit a prohibited act.  The board's finding that plaintiff did not commit a prohibited act does not necessarily mean that the filing of the rules violation report did not advance a legitimate correctional goal, but the board's finding together with plaintiff's sworn declaration that he did not show any insolence towards De Los Santos or any other staff, see Opp'n at 28 (sworn and

6

1    submitted as true and correct under penalty of perjury), raises a triable issue as to
2    whether De Los Santos' filing of the October 3, 2014 report was arbitrary and
3    capricious, or unnecessary to the maintenance of order in the institution. Cf.
4    Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (noting that allegation
5    that defendant's action was arbitrary and capricious, or unnecessary to maintain
6    order in the institution, successfully pleads required retaliation element that
7    defendant's action did not advance legitimate correctional goals). And contrary
8    to defendants' assertion that plaintiff sets forth no evidence of retaliatory motive,
9    plaintiff's pointing to the inmate grievance he filed against De Los Santos on
10   September 26, 2014, see Opp'n Ex. H (alleging that De Los Santos falsely wrote
11   up plaintiff on September 17, 2014), is enough to raise a triable issue as to
12   retaliatory motive, i.e., that plaintiff's September 26, 2014 inmate grievance
13   against De Los Santos was the motivating factor in her filing the October 3, 2014
14   rules violation against plaintiff that the disciplinary hearing board later rejected
15   as unfounded. See McCollum v. Calif. Dep't of Corrs. and Rehab., 647 F.3d 870,
16   882 (9th Cir. 2011) (noting that plaintiff may survive summary judgment by
17   presenting circumstantial evidence of motive, which may include proximity in
18   time between protected speech and alleged retaliation, that defendant expressed
19   opposition to the speech or other evidence that the reasons proffered by the
20   defendant for the adverse action were false and pretextual).

21         Defendants argue that De Los Santos still is entitled to summary judgment
22   because plaintiff has not set forth any evidence showing that De Los Santos'
23   filing of the October 3, 2014 rules violation report had a chilling effect on the
24   exercise of plaintiff's First Amendment rights. They note that plaintiff was
25   undeterred by the allegedly retaliatory action and instead filed fourteen inmate
26   grievances after the allegedly retaliatory action took place. See Pearce Decl. Ex.

L at 4-59.  Defendants' argument must be rejected under the law of the circuit, which holds that an objective standard, and not whether the record shows that plaintiff was actually chilled, governs the chilling inquiry.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 568-69).  Under the law of the circuit, a plaintiff does not have to show that "his speech was actually inhibited or suppressed," but rather that the adverse action at issue "would chill or silence a person of ordinary firmness from future First Amendment activities."  Rhodes, 408 F.3d at 568-69 (citation omitted) (emphasis in original).  To hold otherwise "would be unjust" as it would "allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity."  Id. at 569.  Plaintiff did not fail to meet the circuit's objective test because a reasonable person may have been chilled by De Los Santos' filing of the allegedly false October 3, 2014 rules violation report.  See Brodheim, 584 F.3d at 1271; see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (false accusation may constitute retaliation where deprivation of a benefit "was the natural and proximate result of" that accusation and one can infer from facts that accuser "intended that result").

De Los Santos is not entitled to summary judgment on plaintiff's claim that on October 3, 2014 De Los Santos filed a false report against plaintiff for plaintiff filing an inmate grievance against De Los Santos on September 26, 2014.  There is sufficient evidence in the record favoring plaintiff on this claim to allow a jury to return a verdict for him.  See Anderson, 477 U.S. at 249.

### 3. Claim Against Wagner

Plaintiff claims that on December 13, 2014 Wagner encouraged an inmate to "approach" plaintiff "in a homosexual manner" in retaliation for plaintiff filing inmate grievances and a court action.  But defendants deny that

Wagner encouraged any inmate to approach or interact with plaintiff in any way, and argue that Wagner is entitled to summary judgment because plaintiff has not met his burden of showing causation or retaliatory motive, or a chilling of his First Amendment rights.

In response to defendants' motion for summary judgment, plaintiff points to an inmate grievance he filed against Wagner on December 11, 2014, see Opp'n Ex. R, and suggests that his filing this grievance was the motivating factor for Wagner encouraging a gay inmate to "approach" plaintiff "in a homosexual way" on December 13, 2014 by dancing and acting "in a homosexual way" in his isolation cell in plain view of plaintiff from his own isolation cell across the corridor, see id. at 37-40.  But even if this is sufficient circumstantial evidence to create a triable issue as to retaliatory motive, Wagner is entitled to summary judgment because the harm allegedly visited upon plaintiff – a gay inmate dancing and acting gay in plain view of plaintiff – could not have amounted to anything more than a "marginal chilling of his rights." Rhodes, 408 F.3d at 570. Wagner's alleged action may have been designed to bother plaintiff because plaintiff admittedly does not care for gay men or lesbians, but it would not chill or silence a person of ordinary firmness from future First Amendment activities. See id. at 568-69; Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999).  Nor can the alleged harm be characterized as "harm that is more than minimal" and "will almost always have a chilling effect." Rhodes, 408 F.3d at 567-68 n.11.

Wagner is entitled to summary judgment on plaintiff's claim that on that on December 13, 2014 Wagner encouraged an inmate to act "in a homosexual manner" in plain view of plaintiff in retaliation for plaintiff filing an inmate grievance against Wagner on December 11, 2014.  See Anderson, 477 U.S. at

249; Celotex, 477 U.S. at 323.

    4. <u>Claim Against Uribe</u>

    Plaintiff claims that on December 17, 2014 Uribe wrote up plaintiff for an unfounded minor infraction of possessing Ajax cleaning supplies in retaliation for plaintiff filing inmate grievances and a court action. But defendants argue that Uribe is entitled to summary judgment on this claim because the evidence in the record makes clear that the December 17, 2014 report was filed in response to plaintiff's misconduct and violation of rules, and not as retaliation.

    The evidence in the record shows that on December 17, 2014, Uribe searched plaintiff's cell and found a clear container containing Ajax cleaner. Uribe Decl. (dkt. #38) at 1. Uribe proceeded to write up plaintiff for a Level II Rule violation, Rule 10, Possession of Contraband. <u>Id.</u> at 1-2 & Ex. B. But the disciplinary board found that plaintiff "did not commit a prohibited act(s)" and rejected the rules violation based on an unspecified "procedural error." Pearce Decl. Ex. D at 5.

    Plaintiff contends that Uribe's filing of the December 17, 2014 report did not advance a legitimate correctional goal because the board found that plaintiff did not commit a prohibited act. But as noted earlier, a board's finding that a prisoner did not commit a prohibited act does not necessarily mean that the filing of the rules violation report did not advance a legitimate correctional goal. Here, plaintiff does not deny that he had Ajax cleaner in a clear container in his cell; instead, he argues that he had "only a small amount of Ajax" in his cell for cleaning purposes, not for contraband, and that Uribe "could have" simply given him a "verbal warning." Opp'n at 44. After a full hearing on the rules violation, the board could have determined that plaintiff's possession of a small amount of

10

Ajax did not constitute contraband under MCJ rules, but this does not change the fact that plaintiff's possession of Ajax in his cell in a container other than its original one provided Uribe with an reasonable basis for writing up plaintiff for possession of contraband. Under the circumstances, no reasonable jury could find that Uribe's filing of the December 17, 2014 report was arbitrary and capricious, or unnecessary to the maintenance of order in the institution. See Watison, 668 F.3d at 1114-15 (retaliation element that defendant's action did not advance legitimate correctional goals requires allegation and showing that defendant's action was arbitrary and capricious, or unnecessary to maintain order in the institution).

Uribe is entitled to summary judgment on plaintiff's claim that on December 17, 2014 Uribe wrote up plaintiff for an unfounded minor infraction of possessing Ajax cleaning supplies in retaliation for plaintiff filing inmate grievances and a court action. See Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 323.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (dkt. #37) is GRANTED IN PART AND DENIED IN PART. De Los Santos is not entitled to summary judgment on plaintiff's claim that on October 3, 2014 De Los Santos filed a false report against plaintiff for filing an inmate grievance against De Los Santos on September 26, 2014; but De Los Santos is entitled to summary judgment on plaintiff's claim that on September 17, 2014 De Los Santos filed a false report against plaintiff in retaliation for plaintiff filing an inmate grievance involving De Los Santos' inmate brothers, Wagner is entitled to summary judgment on plaintiff's claim that on December 13, 2014 Wagner encouraged an inmate to act "in a homosexual manner" in plain view of plaintiff

in retaliation for plaintiff filing an inmate grievance against Wagner on December 11, 2014, and Uribe is entitled to summary judgment on plaintiff's claim that on December 17, 2014 Uribe wrote up plaintiff for an unfounded minor infraction of possessing Ajax cleaning supplies in retaliation for plaintiff filing inmate grievances and a court action.

The court finds that a referral to a magistrate judge for settlement proceedings is in order and hereby REFERS this matter to Magistrate Judge Vadas for settlement proceedings. All other proceedings are stayed.

A settlement conference shall take place within 120 days of the date of this order, or as soon thereafter as is convenient to Magistrate Judge Vadas' calendar. Magistrate Judge Vadas shall coordinate a time and date for the conference with all interested parties and/or their representatives and, within 10 days after the conclusion of the conference, file with the court a report regarding the conference.

The clerk shall provide a copy of this order to Magistrate Judge Vadas.

SO ORDERED.

DATED:  Feb. 8, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Brown-Seals, M.14-5152.msj.referral.wpd

12